UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>21.   TAKARI ELLIOTT,   )<br>       a/k/a "T-Paper,"   )<br>       Defendant   ) | Cr. No. 21-10354-JEK |

MOTION TO CONTINUE TRIAL

Now comes the United States, through undersigned counsel, and respectfully requests that this Court continue the defendant's trial, presently scheduled for February 23, 2026, to a date during the second half of May 2026, convenient to the Court and counsel. As grounds therefore, the government states that as part of its case-in-chief, the government will call CW-3, a member of the Cameron Street gang. CW-3 will provide evidence about the formation and purpose of Cameron Street, identify its members (including the defendant), and among other evidence will describe how a now-deceased Cameron Street member told CW-3 that he and the defendant murdered Manual Duarte, a Brockton drug dealer, for money. CW-3 will also testify about other acts of violence committed by members of Cameron Street, and the government anticipates calling law enforcement witnesses to describe how they corroborated information provided by CW-3.

In addition to the trial, co-defendant Anthony Centeio, also known as "Wheezy," has an evidentiary hearing related to his sentencing currently scheduled for May 7, 2026 (ECF No. 1296). Much of the evidence at Centeio's hearing will come from CW-3, who will testify concerning Centeio's participation in an attempted murder.

The government has previously disclosed to defense counsel that CW-3 was relocated out of Massachusetts for its safety. From the government's opposition to an earlier motion to sever (ECF No. 1246), the Court is aware of the violent nature of the Cameron Street enterprise

generally. Moreover, the Court is aware that law enforcement recorded another member of Cameron Street planning to murder CW-3 because CW-3 provided information against the gang. Given these facts, it is appropriate to limit the number of occasions that CW-3 is returned to Massachusetts to testify. For these reasons, the government requests that this trial be continued to a date closer in time to the Centeio hearing, so that CW-3 can be returned to Massachusetts once to testify against the defendant at trial and at Centeio's sentencing hearing. Such a continuance would promote judicial economy and would serve to protect the safety of CW-3.

The defendant objects to the government's motion. In the event that the Court grants the government's motion, the parties have conferred and would be available to try the case during the second half of May 2026 (specifically May 18, 2026, or May 26, 2026, if those dates are available). Defense trial witnesses are not available in late April or early May 2026.

Finally, the government requests that this Court exclude the time from February 23, 2026, to the new trial date selected by the Court. For the reasons noted above, the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). Cf. United States v. Koller, 956 F.2d 1408, 1412-13 (7th Cir. 1992) (affirming exclusion of time based on unavailability of cooperating witness). Importantly, the government intends to produce 21-day material and file its trial brief, proposed jury instructions, and proposed voir dire questions on February 2, 2026, consistent with the Court's current procedural order.

Wherefore, the government requests that this Court grant its motion to continue.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By: /s/ Christopher Pohl
Christopher Pohl
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 30, 2026.

/s/ Christopher Pohl
Christopher Pohl
Assistant U.S. Attorney