UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Takari Elliott,<br><br>      Defendant. | Case No. 21-cr-10354-JEK |

**DEFENDANT TAKARI ELLIOT'S
MOTION FOR DETENTION HEARING AND
OPPOSITION TO THE GOVERNMENT'S MOTION TO CONTINUE
THE FEBRUARY 23, 2026, TRIAL DATE**

      Defendant Takari Elliott strongly opposes the Government's eleventh-hour request to continue the trial date in this case to May 2026. Notably, the upcoming February 23, 2026 trial date is the *sixth* trial date that has been set in this case. It should stand. Specifically, the Court set this trial date at the October 1, 2025 status conference after all parties[1] – including the Government – confirmed they could proceed to a multi-day trial on that date. Now, just 24 days out from trial, the Government has for the first time sought a continuance based on alleged safety concerns for a government witness. For the reasons more fully discussed below, Mr. Elliott respectfully requests this Court deny the Government's request to continue the trial a sixth time, and proceed to trial on this case on February 23, 2026, as initially ordered. Mr. Elliott also objects to any additional exclusion of time under the Speedy Trial Act. If the Court is inclined to continue the trial, Mr. Elliott requests that the Court hold a prompt detention hearing to consider his release from custody.

---

[1] At the hearing, counsel for Anthony Centeio was present, as Mr. Centeio had not yet pleaded guilty in this case, and agreed to the February 23, 2026, trial date. Mr. Centeio pleaded guilty on January 9, 2026 (ECF 1295).

- 1 -

**Relevant Background**

This case is old. The charge against Mr. Elliott has been pending for over two and a half years. This case was initiated on November 15, 2021 when the Government returned a sealed indictment naming a single defendant, Kenneth Romero. ECF No. 4. Mr. Elliott was added as a defendant in the Third Superseding Indictment ("TSI") returned on May 13, 2023. ECF No. 403. Mr. Elliott is the only defendant awaiting trial.

Mr. Elliott waived his right to a prompt detention hearing at arraignment because at the time he was serving a sentence in state custody. *See* ECF No. 440. The Court found there was "good cause to continue the detention hearing in this case until such time as the defendant is released from custody in accordance with the protocol set forth in *United States v. King*, 818 F.2d 112, 115 n.3 (1st Cir. 1987)." *Id.* Mr. Elliott was released from state custody on or around November 9, 2025. He is currently detained at Wyatt Detention Center.

Mr. Elliott's day in court is due. This case has been continued repeatedly. February 23, 2026 is Mr. Elliott's sixth trial date. Mr. Elliott assented to and even requested some of the earlier extensions of time because (1) Mr. Elliott was indicted much later than most of his co-defendants and he needed sufficient time to prepare for trial, especially in light of the serious nature of the allegations against him, and (2) to accommodate counsel's trial dates in other matters. But Mr. Elliott has fully expected to go to trial for the last three trial dates. He was prepared for the May 27, 2025 trial date, which was continued to accommodate the government's *ex parte* request to schedule a different trial on that date. He was prepared for the October 27, 2025 trial date, which was understandably continued when the matter was moved to this session. And he is prepared for the February 23, 2026 trial date, which was agreed to by all parties.

As the Court may recall, at a status conference after the matter was transferred to this session Mr. Elliott asked that a new trial date be set as soon as possible. Among other reasons, Mr. Elliott noted that the state sentence he was serving at the time was set to end in November 2025. The stress and anxiety of getting mentally prepared for trial only to have it continued is very difficult for a defendant, especially one who is detained pending trial. Mr. Elliott should not be put through that cycle again.

**Argument**

The Government has failed to show a good faith reason why continuance of the trial is required. The Court should deny the request. It is time for the Government to be held to its burden of proof in this case.

The Government's assertion that a continuance is required to ensure the safety of a cooperating witness is a pretext. What the Government does not tell the Court is that ████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████

Further, to the best of counsel's knowledge, the alleged threat against CW-3 took place years ago. The Government has not disclosed any recent threats against CW-3. And the individual who allegedly threatened CW-3 was sentenced in June 2024. He no longer stands to benefit from any harm to CW-3. What is more, the Government raised no concerns for CW-3's safety at Anthony Centeio's January 9, 2026 Rule 11 hearing, when the Government agreed to

schedule an evidentiary hearing including CW-3's testimony in May of 2026. Most importantly, there is **no** evidence or allegation suggesting that Mr. Elliott had anything to do with the threat against CW-3 or that he has ever threatened any witness.

The Court should also deny the Government's request for more time because the Government unreasonably delayed filing its motion. The Government knew on January 9 – six weeks before the February 23, 2026 trial date – that it would need to bring CW-3 to Massachusetts a second time for Mr. Centeio's evidentiary hearing. Respectfully, any concern about "limit[ing] the number of occasions that CW-3 is returned to Massachusetts to testify" should have been raised with Mr. Elliott and the Court at that time. Instead, the Government waited three weeks before filing its motion with the Court. It did so 24 days before trial, on the Friday afternoon before pretrial filings are due. The Government makes no effort to explain its delay.

The Government's delay risks prejudicing Mr. Elliott. Defense counsel has lined up fact witnesses and an expert witness to testify at trial. Those individuals are reserving time for the February 23, 2026 trial date. Counsel scrambled to contact those witnesses this afternoon when the Government proposed an April or May trial date. Counsel believes the witnesses the defense was able to reach today will be available in late May. But if the Court is not available in late May, the defense will need to reach out to those individuals again to determine their availability.

Should the Court continue the trial, Mr. Elliott respectfully requests that the Court schedule a prompt detention hearing.  Mr. Elliott has not received a detention hearing because he was in state custody at the time of his indictment.  He is no longer in state custody.  And he should not be forced to serve several more months in jail when he is not under a criminal justice sentence.

Mr. Elliott is entitled to a speedy trial. While there have been legitimate and justified reasons for delaying trial in this case in the past, Mr. Elliott does not assent to any further exclusions of time under the Speedy Trial Act. Any further continuance would be unfair, prejudicial, and contravene the intent of the Speedy Trial Act.

## CONCLUSION

Accordingly, Mr. Elliott respectfully requests that the Court deny the Government's motion to continue the trial date. If the Court grants the motion, Mr. Elliott respectfully requests that the Court schedule a prompt detention hearing.

Dated:  January 30, 2026

Respectfully submitted,

TAKARI ELLIOTT

By his attorneys,

*/s/ Megan A. Siddall*
Megan A. Siddall (BBO No. 568979)
Cloherty & Steinberg, LLP
One Financial Center, Suite 1120
Boston, MA 02111
Tel. (617) 481-0160
msiddall@clohertysteinberg.com

*/s/ Elizabeth J. McEvoy*
Elizabeth J. McEvoy (BBO No. 683191)
Epstein Becker & Green, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel. (617) 603-1100
emcevoy@ebglaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing documents was served on counsel for the Government on ECF on January 30, 2026.

                                            */s/ Megan A. Siddall*
                                            Megan A. Siddall