**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Takari Elliott,<br><br>      Defendant. | Case No. 21-cr-10354-JEK |

## <u>DEFENDANT TAKARI ELLIOTT'S REQUEST FOR FINAL JURY INSTRUCTIONS</u>

Defendant, Takari Elliott, hereby requests, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, that the Court instruct the jury in this case in accordance with the attached proposed instructions.

Mr. Elliott reserves the right to supplement, modify, or withdraw any of these requests for instruction in light of the requests for instruction, if any, filed by the United States, or the Court's rulings on the motions *in limine*, the Court's rulings during trial, and the evidence ultimately admitted to the jury.

Dated:  February 2, 2026

Respectfully submitted,

TAKARI ELLIOTT

By his attorneys,

*/s/ Megan A. Siddall*
Megan A. Siddall (BBO No. 568979)
Cloherty & Steinberg, LLP
One Financial Center, Suite 1120
Boston, MA 02111
Tel. (617) 481-0160
msiddall@clohertysteinberg.com


*/s/ Elizabeth J. McEvoy*
Elizabeth J. McEvoy (BBO No. 683191)
Epstein Becker & Green, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel. (617) 603-1100
emcevoy@ebglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served by electronic mail on all parties on February 2, 2026.

*<u>/s/ Megan A. Siddall</u>*
Megan A. Siddall

## DEFENDANT'S REQUESTED INSTRUCTION NO. 1

### <u>Presumption of Innocence; Proof Beyond a Reasonable Doubt[1]</u>

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Mr. Elliott, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Mr. Elliott is guilty of the crime with which he is charged beyond a reasonable doubt. It is a strict and heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Mr. Elliott. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Mr. Elliott has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Mr. Elliott's guilt of a particular crime, it is your duty to find him not guilty of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied

---

[1] Adapted from First Circuit Pattern Criminal Jury Instruction 3.02 (Criminal 2024 ed.).

beyond a reasonable doubt of Mr. Elliott's guilt of a particular crime, you may find him guilty of that crime.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 2

### <u>Government Employee as Witness</u>[2]

You will hear testimony from some witnesses who are employed by the federal or state governments. The fact that a witness is employed by the government does not entitle the witness's testimony to more weight or credibility than that of any other witness's testimony. In addition, in assessing the credibility of a witness who is employed by the government, you may consider whether the witness has a personal or professional interest in the outcome of the case.

---

[2] This instruction is based on the Fifth Circuit's decision in *United States v. Garcia*, 522 F.3d 597, 601-602 (5th Cir. 2008)(improper for prosecutor to state in closing argument that employees of the government wouldn't lie or should be believed because they were doing their job). The First Circuit has held that appeals to "believe the police or FBI because of their history, integrity, or public service is inappropriate." *United States v. Torres-Galindo*, 206 F.3d 136, 142 (1st Cir. 2000); *see also Unitd States v. Kornegay*, 410 F.3d 89, 97 (1st Cir. 2005). This instruction merely protects against jurors' reasonable inclination to reach this conclusion with or without express invitation.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 3

### **Defendant's Constitutional Right Not to Testify (if applicable)[3]**

Mr. Elliott has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that Mr. Elliott did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

---

[3] First Circuit Pattern Criminal Jury Instruction 3.03 (Criminal 2024 ed.). An alternative instruction obviously will need to be provided if Mr. Elliott decides to testify.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 4

### <u>Jury to Consider Only this Defendant</u>[4]

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of Mr. Elliott. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to Mr. Elliott, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

---

[4] Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-18 (2010).

**DEFENDANT'S REQUESTED INSTRUCTION NO. 5**

**<u>Number of Witnesses and Uncontradicted Testimony</u>**[5]

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government. Mr. Elliott is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

---

[5] Adapted from Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 2-18 (2010).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 6

### <u>Caution as to Cooperating Witnesses[6]</u>

You have heard testimony from witnesses who provided evidence under agreements with the government; participated in the crime charged against Mr. Elliott as so-called "accomplices;" or received money, assistance, reduced criminal charges, or other benefits from the government in exchange for providing information.

I will provide you with some cautionary instructions with respect to such witnesses.

In deciding whether such a witness is credible, you must determine whether his or her testimony has been affected by any interest in the outcome of this case and by any of the benefits her or she has received or will receive from the government. An interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. You should bear that factor in mind when evaluating the credibility of the testimony of such a witness and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

You have heard witnesses who testified they were actually involved in the conspiracy alleged in the indictment, including in the planning and carrying out of certain activities. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them. The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

---

[6] Adapted from First Circuit Pattern Instruction 2.08 & cmt. (Updated 4/1/2015); Sand et al., *Modern Federal Jury Instructions (Crim.)*, Insts. 7-3, 7-5, 7-8 (2018).

For those very reasons, the law allows the use of accomplice testimony. However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

Some of the witnesses you heard from have also pled guilty to one or more crimes. You may consider the witness's guilty plea in assessing his or her credibility, but you are not to consider the witness's guilty plea as evidence against these defendants in any way. In other words, you may not infer that a defendant engaged in criminal conduct or had criminal intent on the basis that the witness before you pled guilty to the same or similar crime that the defendant is charged with.

In addition, it is impermissible for you to convict a defendant based solely on the unsupported testimony of a witness who has plead guilty unless you believe the witness's testimony beyond a reasonable doubt.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 7

### <u>Witnesses with Immunity</u>[7]

You have heard the testimony of witnesses who have testified under immunity agreements reached with the government. Under such an immunity agreement, the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity agreement. You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity. However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon Mr. Elliott in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with great care and you should act upon it with caution. If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves. Likewise, if you believe it to be untrustworthy, you may give it no weight at all.

---

[7] Adapted from Sand et al., *Modern Federal Jury Instructions (Crim.)*, Instr. 7-8 (2010). To be used in the event that the government immunizes any cooperating witnesses.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 8

### <u>Prejudice From the Word "Racketeering"[8]</u>

The word "racketeering" has certain implications in our society. Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of Mr. Elliott has been proven. The term is only a word used by Congress to describe the statute.

---

[8] Adapted from Sand et al., *Modern Federal Jury Instructions (Crim.)*, Inst. 52-27 (2018).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 9

## <u>Racketeer Influenced and Corrupt Organizations Act – Nature of the Offense</u>

Count 2 charges Mr. Elliott with a violation of the Racketeer Influenced and Corrupt Organizations Act, also known as RICO. Specifically, the government has charged that Cameron Street was a criminal enterprise, and that Mr. Elliott conspired to conduct the affairs of Cameron Street.[9]

Federal courts are courts of limited jurisdiction, which means that they do not have the authority to hear all cases. They may only hear those cases that are spelled out by federal law. Typically, criminal allegations like the murder racketeering act allegations charged in this case are considered local, not federal crimes, enforced by state officers and prosecuted in state courts. These allegations concerning murder come to this federal court because it is claimed that they have been committed as part of a RICO enterprise, an organization that meets certain specific requirements, which I will define for you in a moment. If you do not find that a racketeering enterprise existed in this case, there is no basis for the case continuing in federal court. Your job as federal jurors would be over. In discharging your functions as federal jurors, you should only consider the evidence before you and not take into account whether Mr. Elliott has been or will be subject to prosecution in state court. [10]

Mr. Elliott has entered a plea of not guilty to Count 2. The government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the crime of violating the RICO statute.

---

[9] Third Superseding Indictment (ECF 403), ¶¶ 1-11.
[10] Adapted from Judge Gertner's jury instructions in *United States v. Jonathan Hart,* Crim. No. 02-10301-NG (Docket 541) at 2-3.

In order to prove that a defendant violated section 1962(d), the government must establish beyond a reasonable doubt each of the following seven elements[11] of the offense:

*First*, that at or about the time alleged in the indictment, the enterprise alleged in the indictment existed.

*Second*, that the enterprise alleged in the indictment affected interstate or foreign commerce.

*Third*, that the defendant in question was associated with and participated in the conduct of the enterprise.

*Fourth*, that the defendant knowingly and willingly agreed to a conspiracy to violate RICO; and

*Fifth*, that the defendant specifically intended that a member of the enterprise would commit conduct that constitutes two or more racketeering acts in furtherance of the aims of the enterprise.

Next, I am going to discuss each of these requirements in detail.

---

[11] Adapted from *United States v. Ramirez-Rivera*, 800 F.3d 1, 18 (1st Cir. 2015); First Circuit Pattern Instruction 4.18.371(1) (Conspiracy Under 18 U.S.C. § 371; 21 U.S.C. § 846) (Updated 5/9/18); Sand et al., *Modern Federal Jury Instructions (Crim.)*, Inst. 52-28 (2018); Eleventh Circuit Pattern Instruction O75.2 (RICO—Conspiracy Offense) (2017).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 10

### <u>RICO Element: Enterprise</u>[12]

The first element that the government must prove beyond a reasonable doubt is that an "enterprise," as alleged by the government, existed. An enterprise may be: (1) a legal entity, such as a corporation or partnership; or (2) a group of individuals associated in fact, although this association is not recognized as a legal entity, for a common purpose of engaging in a course of conduct. That is, although an enterprise can include any legal entity, such as a partnership or corporation, an enterprise also includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group associated in fact, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and must have personnel who function as a continuing unit. Such association must have a structure. In this context, structure means a purpose, relationships among those associated with the enterprise and longevity sufficient to permit those associates to pursue the enterprise's purpose. This group may be organized for a legitimate and lawful purpose or it may be organized for an unlawful purpose.

The government has alleged in this case that the enterprise was the Cameron Street gang. To find that an enterprise existed, the government must prove beyond a reasonable doubt that Cameron Street was characterized by: (1) having a structure, as that term is defined above; (2) a common purpose; (3) an ongoing organization, either formal or informal; and (4) by personnel who functioned as a continuing unit.

If you find that this enterprise existed, you must also determine whether this enterprise

---

[12] Adapted from Judge Casper's jury instructions in *United States v. James J. Bulger*, Crim. No. 99-10371-DJC (Docket 1282) at 35-36; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 56:04 (6th ed. 2015). TSI (ECF 403), ¶¶ 1-11.

continued in an essentially unchanged form during substantially the entire period alleged by the government, which is 2010 through the present. This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

## DEFENDANT'S REQUESTED INSTRUCTION NO. 11

### RICO Element: Effect on Interstate or Foreign Commerce[13]

The second element the government must prove beyond a reasonable doubt is that the enterprise was engaged in or had an effect on interstate or foreign commerce.

Interstate commerce includes the movement of goods, services, money, and individuals between states (or between states and the District of Columbia or a U.S. Territory or possession or between the United States and a foreign state or nation).

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It does not have to prove that the racketeering activity affected interstate commerce, although proof that racketeering acts did affect interstate commerce is sufficient to satisfy this element. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such effect. Finally, the government is not required to prove that any defendant knew he or she was affecting interstate commerce

---

[13] Adapted from Sand et al., *Modern Federal Jury Instructions (Crim.)*, Inst. 52-21 (2018).

**DEFENDANT'S REQUESTED INSTRUCTION NO. 12**

**<u>RICO Element: Participated in Conduct of the Enterprise</u>**[14]

The government must prove beyond a reasonable doubt that Mr. Elliott was associated with and conducted or participated in the conduct of the enterprise through a pattern of racketeering activity.

To prove this element beyond a reasonable doubt, the government must prove some meaningful connection between Mr. Elliott's acts and the affairs of the enterprise. To satisfy this part of the element, the government must establish either (1) that Mr. Elliott's position in the enterprise facilitated commission of those illegal acts and that the racketeering acts had some impact or effect on the enterprise, or (2) that the acts were in some way related to the affairs of the enterprise, or (3) that Mr. Elliott was able to commit the acts by virtue of his involvement in the enterprise.

---

[14] Adapted from O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 56:07 (6th ed. 2015); *United States v. Ramirez-Rivera*, 800 F.3d 1, 20 (1st Cir. 2015); *United States v. Shifman*, 124 F.3d 31, 35 (1st Cir. 1997).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 13

### <u>Agreement to Violate RICO[15]</u>

Mr. Elliott has been charged with knowingly and intentionally conspire to violate RICO. A conspiracy is an agreement, spoken or unspoken, between two or more persons to commit a crime. While it does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details, the government must prove beyond a reasonable doubt that Mr. Elliott intended to agree with others and shared an understanding about the agreement to engage in the racketeering acts alleged.

Mere similarity of conduct among various people, or the fact that they have met with each other or discussed common aims and interests, does not by itself establish the existence of a conspiracy. Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy. However, you may consider such factors.

Proof that Mr. Elliott willfully joined in the agreement must be based upon evidence of his own words and/or actions. You need not find that Mr. Elliott agreed specifically to or knew about all the details of the crime or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture. Even if Mr. Elliott was not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.

On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

---

[15] Adapted from Jury Instructions in *United States v. Gonzalez*, 2018 WL 7283585 (D. Mass June 18, 2018); First Circuit Pattern Criminal Jury Instruction 4.18.371(1)(2024 ed.).

### DEFENDANT'S REQUESTED INSTRUCTION NO. 14

### **Pattern of Racketeering Activity[16]**

To establish a "pattern of racketeering," as alleged the indictment, the government must prove three elements beyond a reasonable doubt:

*One*: The Defendant agreed that he or one or more other conspirators would intentionally commit at least two racketeering acts of the type or types alleged in the indictment. Your verdict must be unanimous as to which type or types of racketeering activity you find that the Defendant agreed would be committed. At the end of this instruction, I will instruct you on the elements regarding each of the charged types of racketeering activity.

*Two*: The racketeering activity must have a "nexus" to the enterprise and be "related." Racketeering activity has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events. Two racketeering acts can be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are related to the enterprise alleged in this case.

*Three*: The racketeering activity must have extended over a substantial period of time, or posed a threat of continued criminal activity. In determining whether the government has proven the threat of continued unlawful activity, you may consider the types of racketeering activity charged in the indictment, and you may also consider the nature of the enterprise, and other

---

[16] Adapted from Jury Instructions in *United States v. Gurry*, Docket No. 16-cr-10343 (D. Mass), ECF No. 930 at 37-38.

unlawful activities of the enterprise and its members, including both charged and uncharged

unlawful activities.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 15**

**<u>State Guilty Plea (if applicable)</u>**

You have heard testimony that Mr. Elliott has pleaded guilty to a crime arising from the same events as those in this case. You must not consider this guilty plea as evidence that Mr. Elliott is guilty of RICO murder in this case. The decision to plead guilty is a personal decision based on a variety of factors and should not be taken as evidence that the charges against the defendant are true.

**DEFENDANT'S REQUESTED INSTRUCTION NO. 16**

**<u>Murder Under Massachusetts Law</u>**[17]

The first racketeering act involves whether Mr. Elliott murdered Manuel Duarte with deliberate premeditation in violation of Massachusetts General Laws Chapter 265, Section 1.

To prove that Mr. Elliott is guilty of murder under Massachusetts law, the government must prove beyond a reasonable doubt the following elements:

<u>First</u>:          Mr. Elliott caused the death of Manuel Duarte.

<u>Second</u>:          Mr. Elliott intended to kill Manuel Duarte, that is, Mr. Elliott consciously and purposefully intended to cause Manuel Duarte's death or

<u>Third</u>:          Mr. Elliott committed the killing with deliberate premeditation, that is, he decided to kill after a period of reflection.

The first element that the government must prove beyond a reasonable doubt is that Mr. Elliott engaged in an act or acts that caused the death of the decent. In order to find that the death was caused by Mr. Elliott, you must find beyond a reasonable doubt that Mr. Elliott engaged in some act or acts, in a natural and continuous sequence, resulting in death, and without which death would not have occurred.  It is not enough that an act taken by Mr. Elliott made it possible for the death to occur.

The second element that the government must prove beyond a reasonable doubt is that when Mr. Elliott intended to kill Manuel Duarte, that is, the Mr. Elliott consciously and purposefully intended to cause Mr. Duarte's death.

The third element that the government must prove beyond a reasonable doubt is that the Mr. Elliott committed the killing with deliberate premeditation, that is, he decided to kill after a

---

[17] Adapted from Massachusetts Model Jury Instructions on Homicide (ed. 2018), pp. 72-3.

period of reflection. Deliberate premeditation does not require any particular length of time of reflection. A decision to kill may be formed over a period of days, hours, or even a few seconds. The key is the sequence of the thought process:  first the consideration whether to kill; second, the decision to kill; and third, the killing arising from the decision. There is no deliberate premeditation where the action is taken so quickly that a defendant takes no time to reflect on the action and then decides to do it.

### DEFENDANT'S REQUESTED INSTRUCTION NO. 17

### <u>Possession with Intent to Distribute</u>[18]

The second alleged type of racketeering act involves distribution of a controlled substance in violation of the Controlled Substances Act. It is against federal law to have a controlled substance in your possession with the intention of distributing it to someone else. To find someone is guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

<u>First</u>, that the individual possessed a controlled substance, either actually or constructively;

<u>Second</u>, that he or she did so with a specific intent to distribute the controlled substance over which he or she had actual or constructive possession; and

<u>Third</u>, that he or she did so knowingly and intentionally.

---

[18] Adapted from First Circuit Pattern Criminal Jury Instruction 4.21.841 (2024 ed.).

## DEFENDANT'S REQUESTED INSTRUCTION NO. 18

### <u>Conspiracy to Distribute and to Possess with Intent to Distribute</u>[19]

The second alleged type of racketeering act also involves conspiracy to distribute and to possess with the intent to distribute a controlled substance.  It is against federal law to conspire with someone to commit this crime.

For an individual to be guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

<u>First</u>, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to distribute and to possess with intent to distribute a controlled substance; and

<u>Second</u>, that the conspirators willfully joined in that agreement; and

<u>Third</u>, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.

But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

---

[19] Adapted from First Circuit Pattern Criminal Jury Instruction 4.18.371 (2024 ed.).

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed-that is to say, with bad purpose, either to disobey or disregard the law-not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before an individual can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that an individual willfully joined in the agreement must be based upon evidence of his or her own words and/or actions. You need not find that the individual agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he or she participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that he or she knew the essential features and general aims of the venture. Even if the individual was not part of the agreement at the very start, he or she can be found guilty of conspiracy if the government proves that he or she willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that a particular individual personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.