UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

Takari Elliott,

     Defendant.

Case No. 21-cr-10354-JEK

**DEFENDANT TAKARI ELLIOTT'S**
**MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTIONS**

In its trial brief the government identifies two prior convictions that it apparently intends to introduce against Mr. Elliott.[1] They are:

<u>Mr. Elliott's January 9, 2011 firearm arrest near Cameron St.</u> The government contends that Mr. Elliott was with Marvin Viega and co-defendant Daronde Bethea in a car that police pulled over near Cameron Street in 2011. Mr. Viega was shot after police claimed that he pointed an assault rifle at them. The government asserts that Mr. Elliott also tried to run from police. Mr. Elliott pled guilty to carrying a firearm without a license, carrying a loaded firearm without a license, receiving a firearm with a defaced serial number, possession of a large capacity firearm, and resisting arrest. *See Commonwealth v. Elliott*, Suffolk Superior Court Docket No. 1184CR10233. Mr. Bethea pled guilty to carrying a firearm without a license, possession of a firearm without an FID card, receiving a firearm with a defaced serial number,

---

[1] The government has indicated that it does not intend to introduce the fact that Mr. Elliott pled guilty to manslaughter in connection with the shooting of Manuel Duarte that is at issue in this case. The government does intend to introduce portions of the plea colloquy at that hearing. The parties are conferring on a stipulation regarding that colloquy.

possession of a large capacity firearm, resisting arrest, and assault and battery on a police officer. *See Commonwealth v. Bethea*, Suffolk Superior Court Docket No. 1184CR10234. Mr. Viega was convicted of assaulting police officers by means of a dangerous weapon, resisting arrest, and several firearm offenses. *See* ECF No. 1332 at 5-6; *Commonwealth v. Veiga*, Suffolk Superior Court Docket No. 1184CR10232.

Mr. Elliott's conviction for cocaine distribution in 2017. Mr. Elliott pled guilty to possession with intent to distribute and distribution of cocaine base and possession of cocaine with intent to distribute in this court. *See* ECF No. 1332 at 14-15; *United States v. Elliott*, Cr. No. 17-10023-IT. The government alleged that the relevant drug transactions took place near Howe Street in the Cameron Street neighborhood. *See Elliott*, Cr. No. 17-10023-IT, ECF No. 3 at ¶¶ 7-9. Mr. Elliott was the sole defendant in that case. He was not charged with conspiracy. The government alleged that Mr. Elliott was selling drugs with his then girlfriend. *See id.* at ¶ 5 n.2   There is no evidence that she had any affiliation with the Cameron Street gang.

## ARGUMENT

The Court should exclude Mr. Elliott's prior convictions for several reasons. First, the government must lay a proper foundation connecting those convictions to the charged RICO conspiracy. Second, even if that foundation were laid, Mr. Elliott's criminal convictions can be used only as evidence of the essential elements of those offenses. Statements made in other pleadings in those cases, or the underlying police reports, are hearsay and cannot be admitted for the truth. Third, Mr. Elliott's firearms conviction is a prior bad act that is inadmissible under Rule 404(b). And finally, Mr. Elliott's prior convictions should be excluded under Rule 403.

To the extent that the government seeks to admit convictions of *other* alleged members of the Cameron Street gang, the Court should reject those efforts. Such evidence is inadmissible

hearsay, violates Mr. Elliott's confrontation rights, and should be excluded under Rule 403.

**I.    Mr. Elliott's prior convictions are not admissible without a proper foundation to show they are relevant to the RICO conspiracy charge.**

The Court should not allow the government to introduce evidence of Mr. Elliott's prior convictions without laying a proper foundation to establish that the conviction is relevant to the RICO conspiracy charge here. It is blackletter law that evidence must be relevant to be admissible. " Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The proponent of the evidence must lay the proper foundation and bears the burden of proving that it "is what the proponent claims it is." Fed. R. Evid. (a).

To prove the pattern of racketeering activity element of a RICO conspiracy, the government must show "that the defendant *agreed* that at least two acts of racketeering would be committed in furtherance of the conspiracy." *See United States v. Leoner-Aguirre*, 939 F.3d 310, 317 (1st Cir. 2019) (emphasis in original); *see id.* at 316 (government must prove that Mr. Elliott "knew about and agreed to facilitate 'the conduct of [an] enterprise's affairs through a pattern of racketeering activity.'") (quoting 18 U.S.C. § 1962(c)). The government need not prove that Mr. Elliott personally committed or agreed to commit a racketeering act. *See Leoner-Aguirre*, 939 F.3d at 317. But the government must prove that Mr. Elliott "intend[ed] to further an endeavor which, if completed, would satisfy all the elements of a substantive criminal offense" and "it suffices that he adopt the goal of furthering or facilitating the criminal endeavor." *See United States v. Cianci*, 378 F.3d 71, 90 (1st Cir. 2004) (quoting *Salinas*, 522 U.S. at 65).

To the extent the government seeks to introduce Mr. Elliott's prior convictions, it must lay a foundation to show that the prior conviction is relevant to the alleged RICO conspiracy

- 3 -

charge against him. A prior conviction is not "of consequence in determining" Mr. Elliott's guilt or innocence on a RICO conspiracy count unless it is a prior conviction for a racketeering act as part of a pattern of racketeering activity. That means, first, that the government must lay the foundation that the conviction had a nexus to the alleged RICO enterprise and, second, that the government must show the conviction was for a racketeering predicate.

First, prior convictions that lack a nexus to the Cameron Street enterprise are not probative of the issues here. That Mr. Elliott may have committed other crimes on his own, not in furtherance of any activities of Cameron Street, is not probative of whether he is guilty of RICO conspiracy. Instead, "Congress intended some connection" between the predicate acts Mr. Elliott agreed would be committed "and the enterprise." *See United States v. Marino*, 277 F.3d 11, 27 (1st Cir. 2002). The government must show that Mr. Elliott agreed that at least two racketeering acts would be committed "in furtherance of the conspiracy." *See Leoner-Aguirre*, 939 F.3d at 317. Mr. Elliott's drug offense, for example, is only relevant if the government can lay an admissible foundation that he was dealing drugs in some way associated with the Cameron Street enterprise.

What is more, the Court should not allow the government to introduce Mr. Elliott's prior conviction for unlawful possession of a firearm because that offense is not a racketeering activity. RICO conspiracy is a crime of agreeing to facilitate a pattern of racketeering activity. *See id.* at 316-17. Offenses that are not enumerated racketeering acts are not probative of whether Mr. Elliott also agreed to facility a RICO enterprise. "Racketeering activity" is a defined term. The only firearms offense that qualifies as racketeering activity is trafficking in firearms in violation of 18 U.S.C. § 933. *See* 18 U.S.C. § 1961(1)(B). Simple unlawful possession of a firearm, including Mr. Elliott's 2011 arrest, does not qualify.

**II.     Mr. Elliott's prior judgments are admissible for the truth only as to the essential elements of the offense.**

The Court should also exclude any inadmissible hearsay in Mr. Elliott's prior cases, including statements in the indictment, the relevant police reports, or allegations against any co-defendants. Those out-of-court allegations are, if introduced for the truth, inadmissible hearsay. A judgment against Mr. Elliott is not hearsay if, among other things, it is "admitted to prove any fact essential to the judgment." *See* Fed. R. Evid. 803(22)(C). But those prior judgments are not admissible to prove circumstances that are not essential to Mr. Elliott's conviction, such as the location where the offense took place, who else was present at the time of the offense, or the conduct of those other individuals at the time of the offense.

**III.    Mr. Elliott's firearms conviction is not admissible under Rule 404(b).**

The firearms conviction is not intrinsic to any RICO conspiracy because it is not a racketeering act. It is a prior bad act and therefore inadmissible unless it is introduced for a purpose other than to show Mr. Elliott's propensity for criminal conduct. The government contends that Mr. Elliott's firearms conviction is admissible under Rule 404(b) to "prove the existence of the conspiracy and the identity of its members." *See* ECF No. 1332 at 21-22. But Mr. Elliott's conviction does no such thing. He was not, for example, convicted of conspiracy. The only admissible evidence relating to the conviction is the judgment. And the judgment against him says nothing about the existence of an unrelated conspiracy or the identity of its members, who are not mentioned in the judgment. There is no purpose behind introducing Mr. Elliott's conviction other than to make him look like a person prone to violent and criminal conduct.

**IV.     Mr. Elliott's prior convictions should be excluded under Rule 403.**

Even if they are otherwise admissible, the Court should exclude Mr. Elliott's prior convictions because their probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.

The probative value of Mr. Elliott's prior firearms conviction and his prior drug case are minimal. The fact of the firearms conviction is not evidence of a racketeering act because Mr. Elliott did not plead to an enumerated RICO predicate. And Mr. Elliott is not accused of possessing or firing a weapon in this case. For example, there is no suggestion that Mr. Elliott was armed when Manuel Duarte was shot or that Mr. Elliott was the shooter. The only other potential evidence that Mr. Elliott ever possessed a firearm would come from a cooperating witness who contends he held a gun for him in 2017. Further, the firearm conviction is almost a decade old. Any attempt by the government to overcome this staleness by suggesting the conviction is probative of the existence of the conspiracy and/or the identity of its members is futile since the hearsay exception applies only to the judgement, and judgment contains no such information. As for Mr. Elliott's federal drug conviction, it is simply not necessary because Mr. Elliott does not intend to dispute that he has dealt drugs in the past. And there was no suggestion in that case that Mr. Elliott was working with anyone other than his then-girlfriend.

Evidence of Mr. Elliott's prior convictions, however, run a substantial risk of unfair prejudice. That is particularly true for Mr. Elliott's 2011 gun arrest, which would be the only evidence that does not come from a cooperating witness that Mr. Elliott possessed a firearm.

And evidence of Mr. Elliott's prior convictions would confuse the issues and mislead the jury. The issue in this case is not whether Mr. Elliott possessed a firearm, which is not even a RICO predicate. Nor is the issue whether Mr. Elliott dealt drugs. The question for the jury is whether Mr. Elliott agreed someone in the gang would conduct the enterprises affairs through a

pattern of racketeering activity. A firearms offense that is not a racketeering act is irrelevant. And a drug offense is only relevant if it was part of the conduct of the affairs of the enterprise. It would be misleading and confusing for the jury to learn about unrelated crimes.

V.      **The government cannot introduce criminal convictions of other alleged members of Cameron Street.**

Finally, to the extent that the government's trial brief suggests that it intends to introduce convictions of *other* alleged Cameron Street members as substantive evidence against Mr. Elliott, the Court should exclude that evidence. Such evidence is inadmissible hearsay, violates Mr. Elliott's confrontation rights, and should be excluded under Rule 403.

First, the hearsay exception for facts essential to a criminal judgment applies only to judgment against the defendant "when offered by a prosecutor in a criminal case for a purpose other than impeachment." *See* Fed. R. Evid. 803(22)(D). That Mr. Elliott is charged with a conspiracy offense does not render convictions of his alleged co-conspirators admissible against him. *See United States v. Priolo*, No. 2:21-CR-566 (NJC), 2025 WL 679413, at *22 (E.D.N.Y. Mar. 4, 2025) ("Nor has the government identified a single case where the court held that the prior conviction of a co-defendant not on trial was admissible at the trial of a defendant charged with conspiracy.")

Second, a conviction or guilty plea by an alleged co-conspirator introduced for the truth of the matter asserted would violate Mr. Elliott's confrontation rights. Statements made at a plea hearing are plainly testimonial. *See Hemphill v. New York*, 595 U.S. 140, 151 (2022). And Mr. Elliott did not have an opportunity to contest the charges against any alleged co-defendants at their trials. Those statements are therefore inadmissible against Mr. Elliott unless the declarant testifies at his trial. *See Hemphill*, 595 U.S. at 153.

Finally, convictions of other alleged co-conspirators are also inadmissible under Rule 403. The probative value of such convictions is limited. Whether others intended to facilitate a racketeering enterprise is not probative of whether Mr. Elliott intended to do so. And convictions of other alleged co-conspirators would be highly prejudicial to the extent they suggest that Mr. Elliott is a criminal because he knows other people who committed crimes. That is especially true for the assault and gun charges against Mr. Viega that resulted from his shootout with police. Jurors could not help looking askance at Mr. Elliott if they learned that his acquaintance shot at police offers, even though there is no evidence that Mr. Elliott posed any danger to police. There is also a substantial risk that convictions of other alleged co-conspirators would confuse the issues or mislead jurors. The issue in this case is whether Mr. Elliott agreed to a RICO conspiracy, not whether others have admitted to crimes.

## **CONCLUSION**

For the foregoing reasons, Takari Elliott respectfully requests that the Court exclude evidence of prior convictions at trial.

Dated:  February 7, 2026                                    Respectfully submitted,

                                                                                    TAKARI ELLIOTT

                                                                                    By his attorneys,

                                                                                    */s/ Megan A. Siddall*
                                                                                    Megan A. Siddall (BBO No. 568979)
                                                                                    Cloherty & Steinberg, LLP
                                                                                    One Financial Center, Suite 1120
                                                                                    Boston, MA 02111
                                                                                    Tel. (617) 481-0160
                                                                                    msiddall@clohertysteinberg.com

*/s/ Elizabeth J. McEvoy*
Elizabeth J. McEvoy (BBO No. 683191)
Epstein Becker & Green, P.C.
One Financial Center, Suite 1520
Boston, MA 02111
Tel. (617) 603-1100
emcevoy@ebglaw.com

## LOCAL RULE 7.1 CERTIFICATE

      Per Local Rule 7.1, counsel for Mr. Elliott conferred with counsel for the government. The government opposes the relief sought in this motion.

*/s/ Megan A. Siddall*
Megan A. Siddall

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served by ECF on all parties on February 7, 2026.

*/s/ Megan A. Siddall*
Megan A. Siddall
